```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.  08-21849-CIV-LENARD
                              MAGISTRATE JUDGE P. A. WHITE
JOSE MIGUEL SALDANA,          :

       Petitioner,            :

v.                            :    SUPPLEMENTAL REPORT OF
                                       MAGISTRATE JUDGE
STATE OF FLORIDA,             :

       Respondent.            :
_____
```

Introduction

The matter has been re-referred by the district court for reconsideration of this habeas petition in light of an affidavit provided by the petitioner. (DE#8). Briefly the *pro-se* petitioner, Jose Miguel Saldana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Thereafter, a Report was entered finding the petitioner was challenging the validity of his conviction for probation violation, entered in case no. 91-30663, and recommending that the petition be dismissed for lack of subject matter jurisdiction. (DE#8). The petitioner filed objections to the Report with multiple exhibits, including an affidavit from an eyewitness, to support his assertion of actual innocence. (DE#s6-7). The Court's conclusion that this habeas petition challenged the petitioner's revocation proceeding appears to be erroneous. Upon closer review of the petitioner's pleadings, it is evident that the petitioner is challenging here, as he did in the state forum, the constitutionality of his original convictions and sentences for burglary of a conveyance and robbery, entered following a no contest plea in Miami-Dade County, Circuit Court, case no. 93-30663.

The petitioner raises the following grounds for relief:

    1.    The trial court erred in failing to hold an evidentiary hearing on his Rule 3.850 motion wherein he raised a claim of newly discovered evidence. (DE#1:4).

    2.    The petitioner has newly discovered evidence which could not have been discovered through the use of due diligence, and if he had known of this evidence at the time of the underlying state court proceedings, he would not have pleaded *no contest* and would have proceeded to trial with the discovered evidence, which would have resulted in an acquittal of all charges. (DE#1:4).

    3.    He is actually innocent of the crimes for which he was convicted based upon newly discovered evidence. (DE#1:5).

## Procedural History

Briefly, the petitioner was charged with and pleaded *no contendere* to burglary of a conveyance and robbery. (DE#12:Ex.B-D). On October 17, 1991, adjudication of guilt was withheld, and the petitioner was placed on community control for a period of two years. (DE#12:Ex.D). It does not appear that an appeal therefrom was filed.

Less than one year later, on June 22, 1992, an affidavit of violation of community control was filed, maintaining that the petitioner had violated the terms and conditions of his community control in that he had failed to report for his weekly visit, and was away from his residence on four separate occasions. (DE#12:Ex.E). On January 11, 1993, the court entered an order revoking the petitioner's community control, and imposing a term of 2.5 years imprisonment. (DE#12:Ex.F-H). No appeal appears to have been filed following entry of this judgment.

Over five years after the AEDPA's one-year federal limitations grace period expired, the petitioner returned to the state court on April 8, 2003 filing his first Rule 3.850 motion for postconviction relief, raising two claims challenging the voluntariness of his plea and counsel's effectiveness regarding the advice he gave petitioner in connection with the collateral consequences of the plea. (DE#12:Ex.I). On April 17, 2003, the trial court entered an order denying the Rule 3.850 motion as time-barred. (DE#12:Ex.J). No appeal was filed therefrom.

The petitioner, however, is not entitled to tolling of the limitations period during the time this Rule 3.850 petition was pending because it was instituted after the one year federal limitations period had already expired. See 28 U.S.C. §2244(d). See also Tinker v. Moore, 255 F.3d 1331, 1332 (11 Cir. 2001)(holding that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled); Webster v. Moore, 199 F.3d 1256, 1258-60 (11 Cir.)(holding that even properly filed state court petitions must be pending in order to toll the limitations period), cert. denied, 531 U.S. 991 (2000).

While it is true that the AEDPA's one-year limitations period is in conflict with the two-year limitations period prescribed by the Florida Legislature in Fla.R.Cr.P. 3.850, that fact does not serve to excuse an untimely federal filing. In Webster v. Moore, 199 F.3d 1256 (11 Cir. 2000), a §2254 petitioner filed an application for state habeas corpus relief in compliance with the Florida rules, but outside the one-year AEDPA grace period. Webster argued that because his state petition complied with Florida rules, it should have acted to toll the federal time provision, but the Eleventh Circuit disagreed, holding that the existence of a two-year state limitations period did not abrogate a petitioner's responsibility to comply with the shorter federally-mandated time

3

provision.

Even if this Court were to find that he was entitled to tolling during this period, this petition is still time-barred as demonstrated in more detail *infra*. The limitations period next ran unchecked for an additional four years until October 23, 2007, when the petitioner returned to the state court filing a second Rule 3.850 postconviction motion raising the same claims as claims two and three of this federal petition, as listed above. (DE#12:Ex.K). According to the petitioner, there was newly discovered evidence of his innocence in the form of an affidavit from an alleged eyewitness, Jude Etienne, who essentially averred that the petitioner's brother committed the burglary and robbery. (Id.). On November 13, 2007, the trial court entered an order denying the motion on the finding that the allegations contained therein "do not constitute legal grounds for granting the New Trial or release of the prisoner," and on the basis that the motion was "insufficient in substance to support the relief prayed." (DE#12:Ex.L).

The petitioner appealed, challenging the denial of his Rule 3.850 motion on the basis that it was legally insufficient, and also raised for the first time, claim one of this federal petition, as listed above. (DE#12:Ex.M). The state filed a response, maintaining, in pertinent part, that the petitioner was not entitled to relief because no showing of manifest injustice had been established. (DE#12:Ex.N). On March 5, 2008, the Third District Court of Appeal affirmed the trial court's denial of the second Rule 3.850 motion. Saldana v. State, 981 So.2d 214 (Fla. 3 DCA 2008)(table); (DE#12:Ex.O). Rehearing was denied, and thereafter the mandate issued on May 27, 2008. (DE#12:Ex.R).

Less than one month of untolled time elapsed thereafter, until the petitioner then came to this court, filing the instant pro se

petition for writ of habeas corpus pursuant 28 U.S.C. §2254 on June 20, 2008.[1]

## Subject Matter Jurisdiction

The respondent first argues that the court lacks subject matter jurisdiction because the petitioner's sentences in the case under attack here have fully expired, and therefore do not meet the "in custody" requirement to bringing a federal habeas petition. (DE#11). The petitioner does not dispute that the convictions and sentences under attack here have expired, however, he maintains he is entitled to review on the merits because he is actually innocent.

Title 28, U.S.C. §2254(a) gives the district courts jurisdiction to entertain petitions for habeas corpus relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." The "in custody" requirement is satisfied if a petitioner is incarcerated as a result of the conviction or sentence under attack at the time the petition is filed. Carafas v. LaVallee, 391 U.S. 234 (1968). On the other hand, if the sentence imposed for a conviction has fully expired, the conviction is no longer subject to habeas corpus attack, even if the possibility exists that it may be used to enhance the sentences imposed for any subsequent crime of which the petitioner may be convicted. Maleng v. Cook, 490 U.S. 488 (1989). It is uncontroverted that the petitioner is no longer "in custody" on the conviction under attack here. Therefore, absent some exception, this court is without jurisdiction to entertain the instant habeas petition.

---

[1] See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

In Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001), the Supreme Court held that once a §2254 petition "is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did no unsuccessfully), the conviction may be regarded as conclusively valid." Id. at 403-404. See also, Daniels v. United States, 121 S.Ct. 1578 (2001). However, an exception to the Lackawanna rule occurs in pertinent part if a petitioner, as in this case, raises a claim of actual innocence. Id. at 405. The petitioner must demonstrate, however, compelling evidence that he was previously unable to obtain. Id. at 405.

In the state forum, as well as, this habeas proceeding, the petitioner maintains that on June 7, 2007, while incarcerated, he met Jude Etienne, a friend of the petitioner's brother, who stated that he had observed the petitioner's brother commit the crimes for which the petitioner was convicted. (DE#12:Ex.K:3). This information, discovered over 11 years after the petitioner's conviction became final, is not "compelling evidence." Moreover, he has failed to demonstrate in the state forum and in this habeas proceeding what steps, if any, he undertook to ascertain the information in a timely fashion. Regardless, Etienne's affidavit is highly suspect and this court finds incredible. See Drew v. Scott, 28 F.3d 460, 462-63 (5 Cir.), cert. denied, 512 U.S. 1266 (1994). See also May v. Collins, 955 F.2d 299, 314 (5 Cir. 1992) and cases cited therein, cert. denied, 504 U.S. 901 (1992).

Since the sentences for the convictions at issue in this case have expired and are no longer open to direct or collateral attack, no jurisdiction exists under §2254 to entertain a challenge to those convictions whether or not they were used to enhance the longer sentence the petitioner continues to serve. Lackawanna, supra.

## Timeliness

Moreover, the respondent asserts correctly that this petition should be dismissed as untimely filed. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must generally file his §2254 petition within one year from the date that his conviction became final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. §2244(d)(1)(A); Jimenez v. Quarterman, ___ U.S. ___, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009)(explaining the rules for calculating the one-year period under §2244(d)(1)(A)).[2]

This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.[3] 28 U.S.C. §2244(d)(2). Moreover, the one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." See Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312

---

[2] The statute provides that the limitations period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[3] A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)).

(11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999). See also Davis v. Johnson, 158 F.3d 806 (5 Cir. 1998), cert. denied, 526 U.S. 1074 (1999).

The judgment in the instant case became final at the latest on February 10, 1993, when time expired for filing a notice of appeal, at the expiration of the thirty-day appeal period from the original judgment imposed following the entry of a no contest plea. Fla.R.App.P. 9.110(b); Demps v. State, 696 So. 2d 1296, 1297, n.1 (Fla. 3 Dist. 1997); Ramos v. State, 658 So.2d 169 (Fla. 3 Dist. 1995); Caracciolo v. State, 564 So.2d 1163 (Fla. 4 Dist. 1990); Gust v. State, 535 So. 2d 642 (Fla. 1 Dist. 1988).

In this case, since the petitioner's convictions became final prior to the effective date of the AEDPA, he receives the benefit of the one-year grace period applied by the Eleventh Circuit and the majority of courts to counteract any retroactivity problems with the AEDPA's enactment. Carey v. Saffold, 536 U.S. 214, 217 (2002); Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209 (11 Cir. 1998); Goodman v. United States, 151 F.3d 1335 (11 Cir. 1998). However, that period expired at the close of April 23, 1997, and this petition was not filed until June 20, 2008, over 11 years after the grace period closed.

Because this federal petition was not filed until June 20, 2008, well-beyond one-year after the one-year AEDPA grace period expired, the petition is time-barred pursuant to 28 U.S.C. §2244(d)(1)(A) unless the limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2).

As indicated above, the petitioner pursued collateral proceedings in the state trial and appellate courts. Even when liberally giving the petitioner all the tolling time credit for which he is due for the time the state postconviction proceedings remained pending, there is clearly more than one-year of untolled time here. Consequently, the instant federal petition is untimely and barred by the applicable limitations period, unless the petitioner establishes that he is entitled to proceed under one of §2244(d)'s statutory tolling provisions, see §2244(d)(1)(B)-(D), or he is entitled to equitable tolling.

Construing the arguments made in his numerous pleadings, the petitioner first asserts that he should be excused from the limitations period because his petition was timely under 28 U.S.C. §2244(d)(1)(D), as it was based on newly discovered evidence and was filed within one year from the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.

As will be recalled, the petitioner maintains he could not have discovered the factual predicate of the claim until he met Etienne in 2007, at which time he learned that the petitioner's brother committed the crimes for which the petitioner was convicted. (DE#12:Ex.K:3). Under the circumstances present here, even if the limitations period were triggered to start on June 7, 2007, the date petitioner met Etienne who then provided exculpatory information, this federal habeas petition would still remain time-barred. Under §2244(d)(1)(D), the petitioner had one year from June 7, 2007 within which to file this habeas petition. This petition was not filed until June 20, 2008, over one year after discovery of the factual predicate in support of his actual innocence claim. Moreover, the petitioner has not demonstrated diligence in pursuing this habeas petition. See Aron v. United States, 291 F.3d 708, 711 (11th Cir. 2002). Consequently, the June 20, 2008 filing of this

9

federal petition is time-barred by over one week.

To the extent that the Etienne statement is being offered in support of the petitioner's claim that he is entitled to habeas relief on the basis of newly discovered evidence of his innocence, the petitioner would not be entitled to tolling under §2244(d)(1)(D).

It should be noted that the function of federal habeas corpus is to redress constitutional errors, not to relitigate state criminal cases. Mize v. Hall, 532 F.3d 1184, 1195 (11 Cir. 2008), citing, Herrera v. Collins, 506 U.S. 390, 401 (1993).[4] Consequently, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Id. at 400. A claim of actual innocence is normally used not as a freestanding basis for habeas relief, but rather as a reason to excuse the procedural default of an independent constitutional claim. See Id. at 404. Although, the Eleventh Circuit has likewise recognized the possibility of freestanding actual innocence claims, see Felker v. Turpin, 83 F.3d 1303, 1312 (11th Cir. 1996), cert. granted, 517 U.S. 1182 (1996) and cert. dismissed, 518 U.S. 651 (1996), it has nevertheless recognized that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Brownlee v. Haley, 306 F.3d 1043, 1065 (11th Cir. 2002) (quoting Herrera, 506 U.S. at 400). Under these circumstances, the petitioner's actual innocence claim based on newly discovered

---

[4] In Herrera v. Collins, 506 U.S. 390, 417 (1993), the Supreme Court assumed "for the sake of argument in deciding [the] case, that in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim."

10

evidence does not state a ground for federal habeas relief, and thus it does not entitle the petitioner tolling pursuant to §2244(d)(1)(D). See Hayes v. Warden, New Hampshire State Prison, 2001 WL 716129, *3 (D.N.H. June 6, 2001), citing, Herrera v. Collins, 506 U.S. 390, 400 (1993); White v. Curtis, 2001 WL 279761, *4-5 (E.D.Mich. February 13, 2001); see also Clay v. Lungren, 1998 WL 283569,*2 (N.D.Cal. May 27, 1998).

The record also does not indicate that the petitioner was in any way impeded by any unconstitutional state action in pursuing state postconviction relief or filing this federal petition for writ of habeas corpus. Finally, the petitioner's status as an unskilled layperson does not excuse the delay. See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). See also Rivers v. United States, 416 F.3d at 1323 (holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required).

Moreover, the petitioner is likewise not entitled to equitable tolling on the basis that the failure to review his challenges on the merits will result in a fundamental miscarriage of justice in that he is actually innocent of the crimes for which he was convicted. As a threshold matter, the Eleventh Circuit has never held that Section 2244(d)'s limitations period carries an exception for actual innocence, and it has declined to reach the issue whether the absence of such an exception would violate the Constitution. See Wyzykowski v. Department of Corr., 226 F.3d 1213, 1218-19 (11 Cir. 2000)(leaving open the question whether the §2244 limitation period to the filing of a first federal habeas petition

constituted an unconstitutional suspension of the writ). Were "actual innocence" an exception to the application of the one-year limitations provisions of §2244, the Court would still be precluded from reviewing the claims presented in the instant petition on the merits.

A petitioner in a collateral proceeding who wishes to establish his actual innocence to avoid a procedural bar to consideration of the merits of his underlying claim must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995).

"To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' Schlup v. Delo, 513 U.S. 298, 327-328 (1995)." Bousley v. United States, 523 U.S. 614, 623 (1998). "[T]he *Schlup* standard is demanding and permits review only in the "'extraordinary' case." House v. Bell, 547 U.S. 518, 538 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." Id. at 537. In this context, "actual innocence" means factual innocence, not mere legal insufficiency. See Sawyer v. Whitley, 505 U.S. 333, 339 (1992). See also Bousley, 523 U.S. at 623-624; Doe v. Menefee, 391 F.3d 147, 162 (2 Cir. 2004)("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.").

Schlup observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy

12

eyewitness accounts, or critical physical evidence-that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup, 513 U.S. at 324. No such showing has been made in the state forum or this habeas proceeding that the Etienne affidavit is reliable or trustworthy.

In this case, the petitioner's actual innocence claim at best is highly suspect and the affidavit in support thereof incredible, especially as it appears from the record that the petitioner was positively identified by the victim in this case. Etienne's affidavit thus fails to state a colorable claim of actual innocence. In any event, for equitable tolling to apply, a petitioner has the burden of proving: "(1) that he ha[d] been pursuing his rights diligently, *and* (2) that some extraordinary circumstance stood in his way and prevented timely filing." (emphasis added) Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007)(quotation marks and citation omitted). The Eleventh Circuit has continued to emphasize that "[e]quitable tolling is an extraordinary remedy that must be applied sparingly" for "[a] truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11 Cir. 2008). Review of the record in this case indicates that the petitioner has not diligently pursued his rights since his conviction became final, or before the expiration of the applicable federal limitations period.

The petitioner provides no evidence to demonstrate diligence in discovering evidence of his innocence. In fact, he never alleged that he was factually innocent until some 11 years after his conviction became final, when he met a fellow inmate who purports to have been an eyewitness to the offenses. He never claimed his innocence during the no contest pleas, nor in his initial Rule 3.850 proceeding. In conclusion, the petitioner has not sustained his burden of proving that the factual predicates of this case

13

warrant equitable tolling. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984). See also Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)(principles of equitable tolling do not extend to what is best a garden variety claim of excusable neglect). "[E]quity is not intended for those who sleep on their rights." See Fisher v. Johnson, 174 F.3d 710 (5 Cir. 1999), citing, Convey v. Arkansas River Co., 865 F.2d 660, 662 (5 Cir. 1989).

It therefore appears that the petitioner has presented no valid justification supported by the record for his failure to timely file his federal habeas corpus petition attacking the instant conviction. The time-bar is ultimately the result of the petitioner's failure to timely prosecute state postconviction proceedings and then this federal habeas corpus petition. Alternatively, the petitioner also failed to act with diligence and alacrity in discovering the factual predicate of his actual innocence claim. Since any cognizable claim raised by the petitioner in this habeas corpus proceeding is untimely, the claims are time-barred pursuant to 28 U.S.C. §2244 and not entitled to review on the merits, as correctly asserted by the respondent.

## Merits

Even if the petitioner's habeas petition was not time-barred, he would not be entitled to federal habeas corpus relief on his claims.

In **claim one**, the petitioner asserts that the trial court erred in failing to hold an evidentiary hearing on his Rule 3.850 motion wherein he raised a claim of newly discovered evidence. (DE#1:4).

The respondent argues correctly that this claim is unexhausted and prospectively procedurally barred from review in this habeas proceeding. The claim as phrased, was not presented to the trial court, but instead was raised on appeal following the denial of the second Rule 3.850 motion. Under these circumstances, this claim is unexhausted and prospectively procedurally barred from review in this habeas proceeding. See Picard v. Connor, 404 U.S. 270 (1971); Castilles v. Peoples, 489 U.S. 346 (1989); Fortner v. McNeil, 2008 WL 651810 *20 (M.D. Fla. 2008). The petitioner cannot return to the state court to pursue the claim, therefore, there are no procedural avenues remaining available which would allow him to exhaust the claim. Thus, it appears that the claim is procedurally defaulted from federal review. See Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11th Cir. 1999)(holding that where state unexhausted claim would now be procedurally barred due to a state-law procedural default, federal habeas corpus may foreclose petitioner's filing in state court); Collier v. Jones, 910 F.2d 770, 773 (11th Cir. 1990); Parker v. Dugger, 876 F.2d 1470, 1477-78 (11th Cir. 1989). Likewise, the petitioner has not demonstrated cause or prejudice arising from his failure to exhaust this claim, nor has he shown that a fundamental miscarriage of justice exception applies. Therefore, he is not entitled to review of the claim in this habeas proceeding.

Moreover, a claim arising from the court's failure to hold a full evidentiary hearing is not cognizable in a federal habeas petition. Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Likewise, a state's interpretation of its own rules or statutes does not raise a federal constitutional issue unless it rises to a level of denial of fundamental due process. Wainwright v. Goode, 464 U.S. 78 (1983), reh'g denied, 465 U.S. 78 (1984). See also Redman v. Dugger, 866 F.2d 387 (11 Cir. 1989); Machin v. Wainwright, 758 F.2d 1431, 1433 (11 Cir.

15

1985); Carrizales v. Wainwright, 699 F.2d 1053 (11 Cir. 1983).

When a federal court considers whether habeas corpus is warranted, the decision is limited to whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. §2254; Rose v. Hodges, 423 U.S. 19, 21 (1975)(per curiam). A state petitioner's right to an evidentiary hearing on a collateral motion is a question of state law. Thus, to the extent that the petitioner claims that the trial court committed errors of state law, such claim is not cognizable in this federal habeas corpus petition. Thus, the petitioner is entitled to no relief on this claim and its denial by the state courts should not be disturbed here. See Williams v. Taylor, supra.

In **claims two and three**, the petitioner asserts that he has newly discovered evidence which could not have been discovered through the use of due diligence, and if he had know of this evidence at the time of the underlying state court proceedings, he would have proceeded to trial with the newly discovered evidence, rather than plead no contest to the charges. (DE#1:4). He also maintains that, based on this evidence, he is actually innocent of the crimes for which he was convicted. (DE#1:5).

As stated previously in this Report, a claim of newly discovered evidence to support his theory of innocence is not cognizable in this federal proceeding. It is well settled that the "existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." Townsend v. Sain, 372 U.S. 293 (1963). The Supreme Court has held that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."

16

Herrera v. Collins, 506 U.S. 390, 400 (1993). It is not the role of the federal courts to make an independent determination of a petitioner's guilt or innocence based on evidence that has emerged since the trial. See Brownlee v. Haley, 306 F.3d 1043, 1065 (11 Cir. 2002). "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution--not to correct errors of fact." Id., quoting, Herrera, 506 U.S. at 400.

Even if the claim were not procedurally barred from federal habeas corpus review, the petitioner would not be entitled to review on the merits of his claims in that the claims have been waived by the entry of the no contest pleas. It is well-settled that a defendant's plea of guilty made knowingly, voluntarily, and with the benefit of competent counsel, waives all nonjurisdictional defects in the proceedings. United States v. Broce, 488 U.S. 563 (1989). See also Barrientos v. United States, 668 F.2d 838, 842 (5 Cir. 1982). As the Supreme Court has explained:

> A guilty plea represents a break in the chain of events which had preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973). Exceptions to the general rule are those cases which are constitutionally infirm because the government has no power to prosecute them at all, which is not applicable to this case. See Broce, 488 U.S. at 574-575. The same principle holds true for voluntary pleas of *nolo contendere*. See United States v. Broome, 628 F.2d 403, 404-05 (5 Cir. 1980)(holding that an attack on the sufficiency of the evidence was waived by entering a plea of nolo contendere); Williams v. Wainwright, 604 F.2d 404, 406-07 (5 Cir. 1979)(holding

17

that defendant's voluntary plea of *nolo contendere* waived all non-jurisdictional defects). See also Hudson v. United States, 272 U.S. 451, 455 (1926)(stating that a plea of *nolo contendere* is, like a plea of guilty, an admission of guilt for purposes of the case); Carter v. Collins, 918 F.2d 1198, 1200 n. 1 (5 Cir. 1990)(stating that because a plea of *nolo contendere* is treated as an admission of guilt, the law applicable to a guilty plea is also applicable to a plea of *nolo contendere*).

Thus, a voluntary no contest plea constitutes a waiver of all non-jurisdictional defects in the proceeding up to that point, which includes the failure to advise the defendant of his constitutional rights and an involuntary confession under the Due Process Clause. See Tiemens v. United States, 724 F.2d 928, 929 (11 Cir.)(stating that "a guilty plea waives all nonjurisdictional defects occurring prior to the time of the plea, including violations of the defendant's rights to a speedy trial and due process"), cert. denied, 469 U.S. 837 (1984). The petitioner does not challenge the voluntariness of the no contest plea either in the state forum or in this habeas. Rather, he claim that had he known of Etienne's existence, he would not have pleaded guilty and would have proceeded to trial. The court finds this allegation incredible in light of the entire record in the state forum which reveals that the petitioner never intended to proceed to trial. The issue only arose while the petitioner was incarcerated, some 11 years after his conviction became final, and years after it expired, when the petitioner committed another offense and the convictions under attack here were used to enhance that sentence. Nevertheless, the petitioner waived all rights to contest the charges by the entry of his knowing and voluntary no contest plea.

Finally, it should be noted that, given the victim's identification of the petitioner, this information at best would

18

not have exonerated the petitioner, but merely cast doubt on the victim's credibility. However, at a trial, the affiant would have been subject to vigorous cross-examination regarding his prior convictions and motive for testifying, which may have harmed, rather than assisted the petitioner. Thus, the petitioner has not made a colorable showing of actual innocence given the entire record before this court. Accordingly, petitioner is not entitled to habeas review of these claims.

## Conclusion

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be dismissed as untimely filed pursuant to 28 U.S.C. §2244 and, in the alternative, denied on the merits.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 5th day of June, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Jose M. Saldana, Pro Se
      DC #442025
      South Bay Correctional Facility
      P.O. Box 7171
      South Bay, FL 33493

      Heidi Milan Caballero, Ass't Atty Gen'l
      Office of the Attorney General
      Department of Legal Affairs
      444 Brickell Avenue, Suite 650
      Miami, FL 33131