UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21849-CIV-LENARD/WHITE

**JOSE MIGUEL SALDANA,**

    Petitioner,

v.

**STATE OF FLORIDA,**

    Respondent.
_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE (D.E. 18) AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (D.E. 1)

**THIS CAUSE** is before the Court on the Supplemental Report of Magistrate Judge Patrick A. White ("Report," D.E. 18),[1] issued on June 8, 2009, recommending Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition," D.E. 1), filed on or about June 20, 2008, be dismissed as untimely, or alternatively denied on the merits. On July 14, 2009, Petitioner filed objections to the Report ("Objections," D.E. 22). Based on a review of the Magistrate Judge's Report, the Objections, the Petition, and the record, the Court finds as follows.

    **I.**    **Background**

Petitioner challenges his state court conviction pursuant to 28 U.S.C. § 2254 on the grounds that he has newly discovered evidence that proves he is actually innocent of the

---

[1] This matter was referred to the Magistrate Judge on September 4, 2008, for a supplemental report after Petitioner submitted additional exhibits. (See D.E. 8.)

crime for which he was convicted. Petitioner pleaded *nolo contendere* in 1991 to charges of burglary of a conveyance and robbery. The trial court withheld adjudication and Petitioner was placed on community control for a period of two years. On January 11, 1993, Petitioner's community control was revoked and he was sentenced to thirty months imprisonment. He is no longer serving that sentence but appears to be challenging the conviction because it enhanced the sentence he is currently serving for a separate conviction of robbery with a deadly weapon. (See D.E. 3 at 1-2.)

Petitioner raises the following claims: (1) the trial court erred in failing to hold an evidentiary hearing on his Rule 3.850 motion where he raised a claim of newly discovered evidence; (2) Petitioner now possesses newly discovered evidence and had he known about this evidence he would not have pleaded *nolo contendere*; and (3) Petitioner is actually innocent of the crimes for which he was convicted based upon this newly discovered evidence. The newly discovered evidence submitted by Petitioner is an affidavit submitted by Jude Etienne ("Etienne"), a fellow inmate he met while incarcerated. (See Affidavit, D.E. 7 at 11.) Etienne's affidavit explains that on June 7, 2007, he learned of Petitioner's conviction. Etienne further explains that he witnessed the August 10, 1991, robbery that resulted in Petitioner's conviction, and that it was Petitioner's brother, Juan, who committed the robbery and not Petitioner.

## II.   Supplemental Report and Objections

The Magistrate Judge's Report concludes the Petition should be dismissed as untimely

pursuant to 28 U.S.C. § 2244, or alternatively denied on the merits. First, the Report finds the Court lacks subject matter jurisdiction to entertain the Petition. As Petitioner is no longer in custody for the challenged conviction, the Report finds the conviction at issue is not open to direct or collateral attack as Etienne's affidavit does not present compelling evidence that he was previously unable to obtain. (Report at 5-6 (citing Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 405 (2001)).) The Magistrate Judge determined that Etienne's affidavit was "highly suspect" and "incredible." (Id. at 6.) Thus, the Report concluded that Petitioner's new evidence, "discovered over 11 years afer the petitioner's conviction became final, is not 'compelling evidence.'" (Id.) Second, the Report finds the Petition is barred by the one-year limitation period under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and equitable tolling should not apply. Finally, the Report concludes Petitioner's claims should be denied on the merits. The Report finds Petitioner's first claim is unexhausted and not cognizable in a federal habeas petition. (Id. at 14-16.) Next, the Report finds Petitioner's remaining claims are also not cognizable in a federal habeas petition absent an independent constitutional violation in the underlying state criminal proceeding. (Id. at 16-17 (citing Townsend v. Sain, 372 U.S. 293 (1963); Herrera v. Collins, 506 U.S. 390, 400 (1993)).) The Report also finds that Petitioner's remaining claims were waived by his *nolo contendere* plea. (Id. at 17-18.) The Magistrate Judge finds incredible Petitioner's claim that he would not have entered his plea had he known of Etienne's existence and Petitioner has not made a colorable showing of actual innocence in light of the

entire record. (Id. at 18-19.)

In his Objections, Petitioner initially objects to the Magistrate Judge's findings that jurisdiction was lacking. Specifically, Petitioner objects to pages 5-7 of the Report on the grounds that "his actual innocence of the crime is an exception to the lack of jurisdiction by the Court to entertain the habeas petition." (Objections at 3 (citing Schlup v. Delo, 513 U.S. 298, 315 (1995)).) Petitioner also argues that the ongoing collateral consequences of his wrongful conviction allow him to challenge his conviction. (Id. at 6-7.) Next, Petitioner objects to the Magistrate Judge's findings that his Petition is untimely. Specifically, Petitioner objects to pages 7-14 of the Report and argues the limitations period should be counted from the date he discovered the new evidence, June 7, 2007, and that his various state habeas petitions tolled the limitations period after that date. Petitioner also argues Etienne's affidavit could not have been discovered through any additional due diligence. Finally, Petitioner objects to the Magistrate Judge's analysis of his claim of actual innocence.

### III.  Standard of Review

Section 2254(a) provides district courts with jurisdiction only to consider petitions for habeas corpus relief from persons "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." If the sentence imposed for a conviction has fully expired, that conviction is no longer subject to habeas corpus review. See Maleng v. Cook, 490 U.S. 488 (1989).

In addition, a petition for writ of habeas corpus filed pursuant to Section 2254 is

subjected to a one-year period of limitations, as set out in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Excluded from this period is any time during which a properly-filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2).

Finally, AEDPA greatly limits the ability of federal courts to review state court convictions. Pursuant to 28 U.S.C. § 2254(d), a federal court may not grant an application for a writ of habeas corpus on behalf of a person held in custody pursuant to a claim adjudicated on the merits in a state court unless the state court's adjudication of the claim, "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Regarding the first prong, "[a]

state court decision is 'contrary to' clearly established federal law where the state court either applied a rule in contradiction to governing Supreme Court case law or arrived at a result divergent from Supreme Court precedent despite materially indistinguishable facts." Hannon v. Dept. of Corr., 562 F.3d 1146, 1150 (11th Cir. 2009) (citing Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006)). A federal court may also grant relief "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362, 413 (2000). In addition, findings of fact made by the state court are presumed correct and may only be rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Crowe v. Hall, 490 F.3d 840, 844 (11th Cir. 2007).

**IV.   Discussion**

The Court finds Petitioner's objections are without merit. The Magistrate Judge's findings that the Court lacks jurisdiction are not erroneous. In Lackawanna, the Supreme Court held that, "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." 532 U.S. at 403. An exception exists if after the time for direct or collateral review has expired, a

6

defendant obtains "compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." Id. at 405. However, as the Report notes, Etienne's affidavit is highly suspect and comes eleven years after his conviction became final. Thus, the Magistrate Judge correctly found Etienne's affidavit did not constitute compelling evidence that he is actually innocent. Etienne's affidavit is not the sort of evidence contemplated in Schlup. 513 U.S. at 324 ("To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial.") The Magistrate Judge also did not err in finding the Petition time barred. Petitioner has failed to demonstrate any due diligence or demonstrate the factual predicate of his claims of actual innocence was not discoverable until recently. Petitioner never asserted his innocence when he entered his plea or during his initial state post-conviction proceedings. He also has not presented any colorable showing of actual innocence such that the procedural bar might otherwise not apply. Finally, the Magistrate Judge did not err in finding Petitioner's claims fail on the merits. Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Consistent with this Order, the Report and Recommendation of Magistrate Judge Patrick A. White (D.E. 18), issued on June 8, 2009, is **ADOPTED**;

2. Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (D.E. 1), filed on or about June 20, 2008, is **DISMISSED**;

**3.** This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of April, 2010.

*/s/ Joan A. Lenard*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**